IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:19-CR-00226-M
Case No. 5:25-CV-00273-M

SHAMEL NESBITT,

     Petitioner,

v.

                                ORDER

UNITED STATES OF AMERICA,

     Respondent.

This matter comes before the court on Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 176] and the United States' Motion to Dismiss [DE 181]. For the following reasons, the United States' motion is granted, and Petitioner's habeas petition is dismissed.

## I.    Background and Procedural History

On August 31, 2022, a jury convicted Petitioner of distributing a mixture and substance containing cyclopropyl fentanyl, with serious bodily injury and death resulting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c). *See* DE 122. On May 18, 2023, United States District Judge Terrence W. Boyle sentenced Petitioner to 292 months of imprisonment. *See* DE 151. Petitioner appealed his conviction, arguing that two pieces of evidence should not have been admitted and that, in any event, Judge Boyle should have granted his motion for a judgment of acquittal. *See United States v. Nesbitt*, No. 23-4359, 2024 WL 3565532, at *1–2 (4th Cir. July 29, 2024). The Fourth Circuit disagreed and affirmed Petitioner's conviction. *Id.* at *2.

On May 21, 2025, Petitioner moved to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* DE 176. The United States responded by moving to dismiss the petition. *See* DE 181. Petitioner filed a response in opposition to the United States' motion.[1] *See* DE 185. In this posture, the motions are ripe for review.

## II. Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate if the court finds that

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's

---

[1] Accordingly, Petitioner's Motion for Extension of Time to File Response [DE 184] is denied as moot.

2

underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

Considering all such materials in tandem, to survive a motion to dismiss, a § 2255 petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when it contains factual content that "allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested. *Id.* at 664. In other words, the well-pleaded allegations must "be enough to raise a right to relief above a speculative level.," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 at 556. As such, a speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (recognizing that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief") (cleaned up).

## III.    Discussion

Petitioner argues that his conviction should be vacated on two grounds, both of which relate to the jury instructions given by Judge Boyle. *See* DE 176 at 4–5; *see also* DE 177 at 2. Specifically, Petitioner argues that Judge Boyle abused his discretion by (1) amending the proposed jury instructions after closing arguments and (2) giving incorrect instructions on the

3

elements of the charged offense. *Id.* The United States counters that these arguments have procedurally defaulted and are otherwise meritless. DE 182 at 4–6.

"[T]he doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal[.]" *Umar v. United States*, 161 F. Supp. 3d 366, 374 (E.D. Va. 2015) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999)). The rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States.*, 538 U.S. 500, 504 (2003). Procedural default "may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is actually innocent or (2) cause for the default and prejudice resulting therefrom." *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (quotations omitted). Notably, "the existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). As such, "[a] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." *United States v. Pettiford*, 612 F.3d 270, 281 (4th Cir. 2010) (citing *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001)).

The court finds that both of Petitioner's claims have procedurally defaulted. Petitioner previously appealed his conviction to the Fourth Circuit, but he did not challenge the jury instructions given at his trial. *See generally Nesbitt*, 2024 WL 3565532, at *1–2. Such arguments are, therefore, presumptively barred in these proceedings. Moreover, Petitioner has not pled facts sufficient to benefit from either of the exceptions noted above. He has not alleged in his petition that he is actually innocent, and he has not demonstrated cause or prejudice resulting from his

4

default.  He states that his trial counsel ably objected to the *mens rea* jury instruction at trial but did not re-raise the issue in the appellate brief.  DE 177 at 7.  He provides no further factual enhancement that would allow the court to assess why that decision was not made, but in any event, that decision was not prejudicial to Petitioner.  In *McFadden v. United States*, the Supreme Court held that to prove the necessary *mens rea* requirement for a conviction under the Controlled Substance Analogue Enforcement Act of 1986, the government must establish that (1) "the defendant knew that the substance was controlled under the [Controlled Substances Act] or the Analogue Act, even if he did not know its identity" or (2) "the defendant knew the specific features of the substance that make it a 'controlled substance analogue.'" *McFadden v. United States*, 576 U.S. § 186, 188–89 (2015).  At Petitioner's trial, Judge Boyle instructed the jury on the *mens rea* requirement as follows:

> It's not necessary that the Government prove that the Defendant knew the precise nature of the controlled substance that was distributed.  The Government must prove beyond a reasonable doubt that the defendant did know that some type of controlled substance was distributed.  The Government may show a defendant has knowledge the substance was a controlled substance under the Controlled Substance Act or the Analogue Act in any of the following ways.  First, that a defendant has knowledge that a substance is an analogue when the defendant knows that the substance was controlled under the Controlled Substances Act and Analogue Act even if the defendant does not know the identity of the substance.  Second, a defendant also has knowledge if the Defendant knows the specific analogue with which he was dealing even if he did not know its legal status as an analogue.  The defendant knows the specific analogue with which he is dealing when the defendant possesses a substance with knowledge that the substance has a substantially similar chemical structure to a controlled substance and that it produces substantially similar effects on the user of the controlled substance.  The Government need not show that the defendant had knowledge of the existence of the Analogue Act to find that the defendant possessed the requisite knowledge.

DE 135 at 182:5–183:3.  This instruction encapsulates *McFadden*'s holding almost verbatim, so the court finds that Petitioner was not prejudiced by his counsel's decision not to raise the issue before the Fourth Circuit.  Accordingly, Petitioner has not demonstrated that he should benefit from the limited exceptions to the procedural default doctrine.

5

Petitioner also argues in his response brief that his claims have not procedurally defaulted because this court is authorized under Federal Rule of Criminal Procedure 52(b) to review his claims for plain error. DE 185 at 1. This argument is without merit. Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). The Supreme Court has held, however, that "the Rule was 'intended for use on direct appeal,' such that the 'plain error' standard 'is out of place when a prisoner launches a collateral attack against a criminal conviction.'" *Wilson v. United States*, No. PJM-16-3982, 2018 WL 1071024, at *1 (D. Md. Feb. 27, 2018) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)); *see also United States v. Dempster*, No. PJM-14-0024, 2022 WL 486791, at *2 (D. Md. Feb. 17, 2022) ("When a defendant fails to object to an error during trial court proceedings or challenge the error on direct appeal, the right to have the error reviewed under the plain-error standard is considered procedurally defaulted.") (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Thus, Rule 52(b) is not "the proper vehicle" for "collaterally attacking the validity of [Petitioner's] conviction." *See Wilson*, 2018 WL 1071024, at *1.

## IV. Conclusion

For these reasons, the United States' Motion to Dismiss [DE 181] is GRANTED, Petitioner's § 2255 petition [DE 176] is DISMISSED, and Petitioner's Motion for Extension of Time to File Response [DE 184] is DENIED AS MOOT. The court finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or erroneous, and none of the issues are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. 100, 122 (2017); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies

6

a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

SO ORDERED this ___15th___ day of June, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

7